OPINION
{¶ 1} Defendant-appellant, Donald Harman (Harman), appeals his conviction in the Mahoning County Court No. 2 for improper backing of his vehicle.
 {¶ 2} On November 13, 2006, Harman was traveling southbound on Southern Boulevard in Boardman Township, Ohio. Upon missing a left hand turn that he wanted to make onto Maple Avenue, Harman stopped and attempted to back up and into the drive/parking lot of a storage business that he had just passed on the right hand side of the road in order to turn around. Mickey Howell (Howell), who was also traveling southbound, was unable to avoid Harman as he was backing up and struck the rear, left side of Harman's truck. They removed their vehicles to the parking lot and Officer Gilbert of the Boardman Township Police Department arrived and completed an accident report. Officer Gilbert also cited Harman for improper backing in violation of R.C. 4511.38(A).
 {¶ 3} Harman pleaded not guilty and the matter was set for trial. On March 13, 2007, the trial court conducted a bench trial with Harman proceeding pro se. Officer Gilbert, Howell, and Harman each testified and the accident report along with Harman and Howell's written statements from that day were admitted as evidence. Later that day, the trial court filed a judgment entry finding Harman guilty and fining him $50.00 plus court costs. This appeal followed.
 {¶ 4} Continuing to proceed pro se on appeal, Harman had filed an appellate brief setting forth two assignments of error. The first is essentially a sufficiency of the evidence argument and the second is essentially a weight of the evidence argument.
 {¶ 5} Harman's first assignment of error states:
 {¶ 6} "THE TRIAL ERRED AS A MATTER OF LAW WHEN THE OFFICER TESTIFIED HE NEVER EVEN EXAMINED TO TRY TO DETERMINE IF THE ACCIDENT OCCURED [sic] ON PRIVATELY OWNED PROPERTY AND NOT A VALID STATE ROADWAY."
 {¶ 7} Harman suggests that he and Howell were on private property (i.e., the parking lot) when the accident occurred and not on a public roadway thereby precluding a conviction under R.C. 4511.38(A). If the accident occurred on a public *Page 2 
roadway, he questions why Officer Gilbert ordered their vehicles moved before marking the roadway where the accident occurred. In support, he points to Officer Gilbert's testimony that he did not mark the roadway.
 {¶ 8} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict.State v. Smith (1997), 80 Ohio St.3d 89, 113, 684 N.E.2d 668. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, 80 Ohio St.3d at 113,684 N.E.2d 668.
 {¶ 9} The trial court found Harman guilty of R.C. 4511.38(A), which provides in relevant part, "Before backing, operators of vehicle[s] * * * shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."
 {¶ 10} In this case, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Contrary to Harman's suggestion, the vehicles had already been moved to the parking lot prior to Officer Gilbert's arrival. When asked if the vehicles had been moved when he arrived, Officer Gilbert replied "Yes." (Tr. 5.) There was no testimony or evidence presented in contradiction.
 {¶ 11} Harman himself testified as follows:
 {¶ 12} "Prior to backing up, I looked both ways. There was nothing coming. I was almost totally in the driveway of U-Store-It when I heard a vehicle coming down Southern Boulevard. At that point in time, I looked, red truck with a big trailer on the back of it. Put on the brakes, started sliding. Slid all the way into U-Store-It, hit the side of my vehicle with the front of his vehicle, and bounced back out. And he's right. *Page 3 
He slid about 35 feet before he hit me. I was almost clear off the roadway into a private drive when I got hit. * * *." (Tr. 9-10.)
 {¶ 13} As Harman's own testimony illustrates, the vehicles were partially on the public roadway. Officer Gilbert testified that the vehicles had already been moved from the roadway prior to his arrival. (Tr. 5.) Even assuming Harman's and Howell's vehicles were partially on private property or ended up on private property, it was Harman's actions of improperly backing his vehicle on Southern Boulevard (a public roadway) that resulted in the collision. In sum, there was sufficient evidence presented to support the trial court's guilty verdict.
 {¶ 14} Accordingly, Harman's first assignment of error is without merit.
 {¶ 15} Harman's second assignment of error states:
 {¶ 16} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND APPELLANT HARMAN GUILTY, AFTER THE OTHER DRIVER OPENLY ADMITTED HE SLID OVER THIRTY FEET BEFORE HIS HITTING THE VEHICLE DRIVEN BY APPELLANT."
 {¶ 17} At trial, Howell acknowledged that he had slid about thirty-five to forty feet before striking Harman's vehicle. Harman argues that he can not be held responsible for Howell's act of sliding approximately forty feet before hitting his own vehicle.
 {¶ 18} In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, 78 Ohio St.3d at 387,678 N.E.2d 541. "Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.) In making its determination, a *Page 4 
reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id. at 390, 678 N.E.2d 541.
 {¶ 19} Here, the greater amount of credible evidence supported the State's charge. Harman's argument completely ignores the fact that but for Harman's failure to exercise vigilance in backing upon a public roadway as required by R.C. 4511.38(A), Howell would not have been put in the situation where he stopped suddenly because of a vehicle approaching him in the wrong lane of traffic. It has been recognized that improper backing under R.C. 511.38(A) is a strict liability statute. State v. Schmul, 6th Dist. No. L-06-1061, 2007-Ohio744, at ¶ 18.
 {¶ 20} To the extent that Harman's and Howell's versions of the accident conflicted as it related to the issue of fault, it is well recognized that determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. After viewing the record in its entirety, we cannot say that the factfinder clearly lost its way or created a manifest miscarriage of justice.
 {¶ 21} Accordingly, Harman's second assignment of error is without merit.
 {¶ 22} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1